UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN MANUEL ROGUE,<br><br>                   Plaintiff,<br><br>     v.<br><br>CORELOGIC CREDCO, LLC,<br><br>                   Defendant. | Case No. 1:19-cv-00260-BLW<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Compel (Dkt. 26). Court staff held a telephonic conference with the parties on March 5, 2020. During that conference the parties agreed to meet and confer again and provide supplemental discovery response. Plaintiff submitted this motion following receipt of the Defendant's supplemental responses. *Pl.'s Mem.* at 2-3. For the reasons that follow the Court will grant the motion to compel.

Plaintiff filed a complaint alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. Compl. ¶1, Dkt. 1. Plaintiff alleges that Defendant provided inaccurate information to third parties in connection with Plaintiff's credit application. Specifically, Plaintiff alleges that Defendant reported that Plaintiff filed for bankruptcy in 2012. Plaintiff states that this information is

**ORDER - 1**

false. Plaintiff seeks damages, including punitive damages, as provided by the FCRA. *Id.* at 4.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that:

> "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1). Rule 26 contains more specific limitations on discovery of electronically stored information:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify the conditions for the discovery.

Fed. R. Civ. P. 26(b)(2)(B).

Pursuant to Rule 37, a party seeking discovery may move for an order compelling production by a party who has failed to answer an interrogatory or produce requested documents. Fed. R. Civ. P. 37(a)(3). While the moving party must make a threshold showing of relevance, *see, e.g., Nugget Hydroelectric, L.P.*

**ORDER - 2**

*v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992), the party resisting discovery carries the burden of showing specifically why the discovery request is irrelevant, unduly burdensome, disproportional to the needs of the case, or otherwise improper. *See Superior Commc'ns v. Earhugger, Inc.,* 257 F.R.D. 215, 217 (C.D. Cal. 2009).

## ANALYSIS

Plaintiff seeks to compel complete responses to his Request for Production Nos. 16 and 19. *Pl.'s Mem.* at 3. Request for Production No. 16 seeks "All documents reflecting [Defendant's] annual earnings, profits and net worth for the previous three (3) years." *Id.* Request for Production No. 19 seeks "[a]ll transcripts of any employee or agent who provided sworn testimony on behalf of the company concerning any claim or lawsuit over the previous five (5) years where a consumer alleged he or she was mixed with another consumer." *Id.*

The FCRA allows a consumer to recover damages, including punitive damages and attorney's fees, where a credit reporting agency willfully fails to comply with the requirements of the Act. § 1681n. Where a credit reporting agency negligently fails to comply with the requirements of the Act the consumer may obtain actual damages and attorney's fees. § 1681o.

Defendant objects to Request for Production No. 16 is not reasonably limited in time and scope and is not proportional to the needs of this case. *Resp.* at

**ORDER - 3**

2-3, Dkt. 28. Defendant further argues that producing "all documents" related to its financial condition could mean producing hundreds or thousands of documents. *Id.* Finally, Defendant argues that it has provided a balance sheet showing its net worth/assets for calendar year 2019, which is the only relevant value for punitive damages. *Id.* at 4.

Information related to Defendant's net worth and financial condition is relevant to the issue of punitive damages. *See Covarrubias v. Ocwen Loan Servicing, LLC,* 2018 WL 5914240, at *2 (C.D. Cal. June 21, 2018). Further, information showing how Defendant's net worth evolved is relevant. *Edmark Auto, Inc. v. Zurich Am. Ins. Co.*, 2019 WL 1002952, at *3 (D. Idaho Mar. 1, 2019). However, requiring the Defendant to produce "all documents" relevant to the request could require Defendant to produce every financial document it has, which would be overly burdensome. Instead, Defendant must produce documents sufficient to establish the subject of the request for the previous three years.

Defendant objected to Request for Production No. 19 on the grounds that the request was unduly burdensome and seeks documents outside of Defendant's custody and control. *See Pl.'s Mem.* at 3. Defendant states that it has identified eight cases responsive to Plaintiff's request. *Resp.* at 5. Defendant states that of those it has identified one matter where there may be a transcript of testimony, which was given more than four years ago. *Id.* Defendant also argues that the

parties in that matter entered into a protective order to protect the plaintiff's non-public personal information and, as such, it would be unduly burdensome to contact the plaintiff to obtain consent to disclose the information. *Id.*

Testimony of employees or agents of the Defendant given in relation to FCRA lawsuits is clearly relevant to whether Defendant willfully or negligently violated the FCRA. Plaintiff in this case seeks transcripts of testimony of agents or employees of Defendant. If a responsive transcript contains personal information of another person, not party to this lawsuit, that information can be redacted to prevent its disclosure. Obtaining transcripts of any testimony given by Defendants agents or employees in one matter is not unduly burdensome. Therefore, Court will require that Defendant produce any responsive transcripts in the matter it identified.

## ORDER

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel (Dkt. 26) is GRANTED as described above.

DATED: April 16, 2020

B. Lynn Winmill
U.S. District Court Judge

ORDER - 5