UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN MANUEL ROGUE,<br><br>Plaintiff,<br><br>v.<br><br>CORELOGIC CREDCO, LLC,<br><br>Defendant. | Case No. 1:19-cv-00260-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff John Manuel Rogue's Motion for Leave to Seek Punitive Damages (Dkt. 38) and Defendant Corelogic Credco, LLC's Motion to Strike Plaintiff's Reply Memorandum and Declaration of Barkley B. Smith in Support of Plaintiff's Reply (Dkt. 43). For the reasons set forth below, the Court will grant the Motion for Leave to Seek Punitive Damages and will deny as moot the Motion to Strike.

## BACKGROUND

Defendant Credco is a consumer reporting agency (CRA) under the FCRA and is considered a "reseller" because it "assembles and merges information contained in the database of another consumer reporting agency or multiple

consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party . . .; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced." 15 U.S.C. § 1681a. Credco thus resells information it obtains from the three national consumer reporting agencies (NCRAs) Experian, Equifax, and TransUnion, but does not maintain its own database of consumer information.

In October 2012, Rogue and his wife applied to Quicken Loans for a loan to refinance their home mortgage. Quicken requested Rogue's credit report from Credco. Credco, in turn, gathered information from the NCRAs and created a credit report on Rogue, which it provided to Quicken. Credco reported that Rogue filed for bankruptcy in 2012 and listed two accounts as included in bankruptcy. Rogue alleges that this information regarding bankruptcy is false and does not pertain to him. The bankruptcy information was supplied to Credco only by Equifax. The other two NCRAs did not report this information.

Rogue contends that, as a result of the false information provided by Credco, Rogue has suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain, and the humiliation and embarrassment of credit denials. Rogue initiated this action, alleging that Credco's actions or lack of actions violate the Fair Credit Reporting Act (the FCRA or the Act), 15 U.S.C.

§ 1681 *et seq.* (*See* Dkt. 1.) Specifically, Rogue alleges that Credco violated § 1681e(b) of the FCRA, and seeks damages, including punitive damages, as provided for by the FCRA. (*Id.*)

Before the Court is Rogue's motion for leave to seek punitive damages. Also before the Court is Credco's motion to strike Rogue's reply in support of the motion for leave to seek punitive damages.

## LEGAL STANDARD

The FCRA allows a consumer to recover damages, including punitive damages and attorney's fees, where a credit reporting agency (CRA) willfully fails to comply with the requirements of the Act. 15 U.S.C. § 1681n. A "willful" violation includes "a violation committed in reckless disregard of the" FCRA's requirements. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "While 'the term recklessness is not self-defining,' the common law has generally understood it in the sphere of civil liability as conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* at 68 (footnote and citation omitted).

> Thus, a company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

*Id.* at 69.

Generally, whether a company acted willfully is a question of fact for the jury. *Cf. Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("The reasonableness of the procedures and whether the [insurance] agency followed them will be jury questions in the overwhelming majority of cases."); *see Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1210 (C.D. Cal. 2007) ("Willfulness under the FCRA is generally a question of fact for the jury.").

## ANALYSIS

Rogue alleges that Credco violated § 1681e(b) of the FCRA, which provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Rogue alleges that this violation occurred when Credco reported that Rogue had filed for bankruptcy in 2012 and listed two accounts as included in bankruptcy when, in fact, this information was false and did not pertain to him. Rogue further alleges that Credco's violation of § 1681e(b) was willful because (1) Credco is aware that the NCRAs, including Equifax, place information concerning one individual on another's report; and (2) despite this knowledge, Credco has not followed, nor even attempted to create, a reasonable procedure to follow to assure the maximum possible accuracy of the consumer information reports of Rogue or other customers.

Credco does not deny that the credit report that it provided on Rogue contained false information regarding a bankruptcy, instead arguing that any alleged errors did not originate with Credco but instead with the NCRAs. Credco also does not deny that it has no procedures in place to confirm the accuracy of the information provided by the NCRAs. Instead, Credco argues that in its role as a reseller, it is only required to accurately convey the information the NCRAs report to it and that, in discharging its role, it maintains and follows procedures to assure that it accurately merges and assembles into its reports the information it has been provided by the NCRAs. Credco argues that nothing further is required of it and specifically denies that it had any obligation to review the information it received from the NCRAs for accuracy.

The Court disagrees with Credco's interpretation of its duties under § 1681e(b) and, further, finds its proposed interpretation of this provision to be objectively unreasonable and to not have a basis in the statutory language of the relevant provisions of the FCRA.

First, Credco does not deny that it is a consumer reporting agency as defined under the FCRA. *See* 5 U.S.C. § 1681a(f) (defining "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating

consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."

Second, although it is undisputed that Credco falls into the subcategory of consumer reporting agencies known as "resellers," there is nothing in the statutory language of § 1681e(b) that indicates that Credco, or any other reseller, is to be treated differently from other consumer reporting agencies. Certainly, there is nothing in the statute which suggests that resellers are somehow exempt from the explicit requirement imposed by § 1681e(b) that "a consumer reporting agency" is to "follow reasonable procedures to assure maximum possible *accuracy* of the information" whenever it prepares a consumer report. 15 U.S.C. § 1681e(b) (emphasis added).

Third, *Baker v. Experian Information Solutions, Inc.*, 2015 WL 4603080, cited by Credco, is distinguishable. In *Baker,* the court found that Credco had reasonable procedures in place, noting:

> The essence of Plaintiff's argument is that if Defendant gets information from Experian, Equifax, or TransUnion that is not included on a report by the other, then that provides notice that the information is inaccurate information. Thus according to Plaintiff, this action should survive a motion for summary judgment. There is no information before the Court that, for example, Experian, Equifax,

>and TransUnion need to report identical information. *Further, this is not a case where the information is contradictory, such as the person being reported as alive in one report and deceased in another*.

*Id.* (emphasis added). Thus, the *Baker* court found that, as a matter of law, Credco was not liable under § 1961e(b). In so finding, the Court specifically noted that its "reasoning is influenced by the fact that Defendant acts as an intermediary role, *that the type of information reported by Experian does not by its existence show inaccuracy*, and that the FCRA does 'not impose strict liability.'" *Id.* at *5 (emphasis added).

In contrast to the facts at issue in *Baker*, here, there was information that by its existence showed that there was a potential inaccuracy, i.e., there was information regarding a bankruptcy contained on only one NCRA's report—the Experian report—that was not included on the other two NCRAs' reports, and this inconsistency indicated that the information from the Experian report was potentially inaccurate.

In *Waletzko v. Corelogic Credco, LLC,* 2016 WL 5879597 (W.D. Wisc. 2016), also cited by Credco, the court found that the lack of a procedure to identify

MEMORANDUM DECISION AND ORDER - 7

inaccuracies, such as a procedure to identify and address discrepancies[1] between the NCRAs' reports, was nothing more than a "careless reading of" § 1681e(b). *Id.* at *9.

This Court respectfully disagrees with the reasoning and conclusion reached in *Waletzko*. As discussed above, § 1681e(b) is explicit in its requirement that consumer reporting agencies "follow reasonable procedures to assure maximum possible *accuracy* of the information." 15 U.S.C. § 1681e(b) (emphasis added). There is nothing ambiguous about this provision and nothing in this provision indicates an intent to treat resellers any differently from all other consumer reporting agencies. Reading into § 1681e(b) an exception for resellers, and thus interpreting § 1681e(b) to exempt resellers from the requirement of having procedures in place to assure maximum possible *accuracy* of the information it provides, is objectively unreasonable and inconsistent with the clear and explicit statutory language. *See Burr,* 551 U.S. at 69-70.

Moreover, it cannot be said that Credco relied on the decision in *Waletzko* in failing to have a procedure in place because *Waletzko* was decided several years

---

[1] The discrepancies between the NCRAs at issue in *Waletzko* regarded whether the plaintiff was deceased. The undisputed evidence in that case indicated that this inaccurate information, which was passed on by Credco, did not play a role in the denial of credit to the plaintiff. *See Waletzko*, 2016 WL 5879597, at *8-*9.

after Credco issued Rogue's credit report that is at issue in the present case.

Further, other district courts have repeatedly rejected Credco's and other resellers' arguments that a reseller is only required to accurately reproduce the information furnished to it by other credit bureaus. These courts have, instead, found that, as a matter of law, a reseller can be subject to liability under § 1681e(b) for failing to follow reasonable procedures to assure the maximum possible accuracy of the information it provides on a consumer. *See, e.g.*, *Perez v. Trans Union, LLC*, 526 F. Supp. 2d 504, 509 (E.D. Pa. 2007) (finding that even though Credco obtained its information from the credit bureaus there remained a question of fact as to whether it followed reasonable procedures to ensure the accuracy of its reports pursuant to § 1681e(b)), *abrogated on other grounds by Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010);[2] *Starkey v. Experian Information Solutions, Inc.*, 32 F. Supp. 3d 1105, 1109-11 (C.D. Cal. 2014) (rejecting Credco's argument that its report was "accurate" because it "fully and accurately included all of the information [the NCRAs] provided"; and holding that a reseller, like

---

[2] As Credco points out, the *Perez* court granted summary judgment in favor of Credco on the issue of willfulness. *See Perez*, 526 F. Supp. 2d at 510-11. However, in the present case, the Court is not addressing a motion for summary judgment but is instead determining whether, as a matter of law, Credco can be held liable under § 1681e(b) for failing to follow reasonable procedures to assure the maximum possible accuracy of the information in its consumer reports.

**MEMORANDUM DECISION AND ORDER - 9**

other consumer reporting agencies, must employ reasonable procedures to assure the maximum possible accuracy of the information in its report); *Dirosa v. Equifax Information Servs, LLC*, 2014 WL 3809202, at * 3 (C.D. Cal. 2014) (rejecting Credco's argument that it was not liable under § 1681e(b) because it "fully and accurately included all of the information [the NCRAs] provided); *Ocasio v. Corelogic Credco, LLC*, 2015 WL 5722828, at *3-*4 (D. N.J. 2015) (rejecting Credco's argument that its procedures were reasonable as a matter of law under § 1681e(b) "because it accurately compiled and reported information collected from the credit bureaus"); *Willoughby v. Equifax Information Svs.*, LLC, 2013 WL 8351203, at *2-*3 (N.D. Ala. 2013) (finding that resellers are subject the same requirements under § 1681e(b) as other consumer reporting agencies to follow reasonable procedures to ensure the accuracy of its reports); *Waterman v. Experian Information Solutions, Inc.*, 2013 WL 675764, at *2-*3 (C.D. Cal. 2013) (same); *Dively v. Trans Union, LLC*, 2012 WL 246095, at *3-*4 (E.D. Penn. 2012) (same).

Finally, Credco argues that its failure to have procedures in place to ensure the accuracy of the information that it gathers from the NCRAs and passes on is not reckless because there is no authoritative decision from the Federal Trade Commission (FTC), Ninth Circuit, or other circuits on this issue. In support of this argument, Credco cites to *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

In *Safeco,* the Supreme Court explained that although it did not agree with the defendant CRA's interpretation of a provision of the FCRA, it also did not find the CRA's reading to be objectively unreasonable:

> While we disagree with Safeco's analysis, we recognize that its reading has a foundation in the statutory text, and a sufficiently convincing justification to have persuaded the District Court to adopt it and rule in Safeco's favor.
>
> This is not a case in which the business subject to the Act had the benefit of guidance from the courts of appeals or the Federal Trade Commission (FTC) that might have warned it away from the view it took. Before these cases, no court of appeals had spoken on the issue, and no authoritative guidance has yet come from the FTC. Given this dearth of guidance and the less-than-pellucid statutory text, Safeco's reading was not objectively unreasonable, and so falls well short of raising the "unjustifiably high risk" of violating the statute necessary for reckless liability.

*Id.* at 69-70 (citations and footnotes omitted).

*Safeco* is distinguishable from the present case for several reasons. First, the provision of the FCRA at issue in *Safeco* was § 1681m(a); the provision at issue in the present case—§ 1681e(b)—was not at issue in *Safeco*. *See* 551 U.S. at 69-70.

Second, the Supreme Court found that the CRA's proposed interpretation of § 1681m(a) had "a foundation in the statutory text" and was not objectively unreasonable" in light of unclear statutory language and the lack of guidance from the FTCA and appellate courts. In contrast, as discussed above, the statutory language of § 1681e(b) is clear and explicit, providing: "Whenever a consumer

reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Credco's proposed interpretation—that a reseller is to be held to different standards than other consumer reporting agencies, and that "accuracy" for a reseller only means that it must accurately reproduce the information provided by other consumer reporting agencies (the NCRAs)—does not have a foundation in § 1681e(b)'s statutory language and is an objectively unreasonable interpretation of this provision.

The Court finds that, as a matter of law, Credco, as a reseller, is subject the same requirements under § 1681e(b) as other consumer reporting agencies, and must therefore "follow reasonable procedures to assure maximum possible accuracy of the information" in its reports. The Court also finds that Rogue has alleged facts sufficient to demonstrate that, to the extent Credco violated § 1681e(b), such violation was willful. Accordingly, the Court will grant Plaintiff leave to seek punitive damages.

Finally, because the Court has not relied on Rogue's reply brief or the supporting declaration in deciding the motion for leave to seek punitive damages, but instead conducted its own, independent research in finding the above cited case law, the Court will deny as moot Credco's motion to strike Rogue's reply brief and

supporting declaration.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Leave to Seek Punitive Damages (Dkt. 38) is **GRANTED**.

2. Defendant's Motion to Strike Plaintiff's Reply Memorandum and Declaration of Barkley B. Smith in Support of Plaintiff's Reply (Dkt. 43) is **DENIED** as moot.

DATED: December 2, 2020

B. Lynn Winmill
U.S. District Court Judge